IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YANGJIANGSHI XICHENG TRADING CO. LTD., and GOLBINBOX INC<br><br>Plaintiffs,<br><br>v.<br><br>SHENZHEN LANHE TECHNOLOGIES CO., LTD.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:25-cv-10427<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Yangjiangshi Xicheng Trading Co. LTD. and GOLBINBOX INC ("Plaintiffs") file this Complaint for Declaratory Judgment ("Complaint") against Shenzhen Lanhe Technologies Co., LTD. ("Shenzhen Lanhe"). Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, declaring United States Patent No. 12,040,827 (the "'827 Patent" or "the patent-in-suit", attached as Exhibit A) to be invalid and to be not infringed.

**PARTIES**

1. Plaintiff Yangjiangshi Xicheng Trading Co. LTD is a Chinese limited company with its principal place of business at No. 12, Lane 4, Mo Village, Jiusan Village Committee, Nalong Town, Yangdong District, Yangjiang City, Guangdong, China.

2. Plaintiff GOLBINBOX INC is a Nevada corporation with its registered address at 3151 S JONES BLVD, Las Vegas, NV 89146.

1

3. Defendant Shenzhen Lanhe Technologies Co., LTD. ("Shenzhen Lanhe"), upon information and belief, is a Chinese limited company and the assignee of the '827 Patent.

## JURISDICTION AND VENUE

4. This action arises under the United States Patent Act, 35 U.S.C. § 1, *et seq*. Plaintiffs bring this civil action against Defendant under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 to obtain declaratory judgment of invalidity and non-infringement with respect to the '827 Patent.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

6. Defendant has offered for sale, sold, and is continuing to sell products in this District that are covered by the '827 Patent.

7. This Court has personal jurisdiction over Defendant because (i) Defendant directed its activities (including the initiation of the Amazon APEX process, described below) at Illinois, intending effects which would be felt in Illinois; (ii) this suit arises out of Defendant's activities with the forum, and (iii) the Court's jurisdiction is reasonable and fair.

8. Venue is proper in this judicial because Defendant is not resident in the United States and thus may be sued in any district pursuant to 28 U.S.C. § 1391(c)(3).

## BACKGROUND

9. Plaintiff Yangjiangshi Xicheng Trading Co. LTD operates an Amazon store named CAPRARO that sells certain phone case under Amazon Standard Identification Numbers ("ASINs") B0CPPGX63N and B0CPPDNH8C.

10. Plaintiff GOLBINBOX INC operates an Amazon store named GolbinBox that sells certain phone case under ASINs B0F38DVM9Q and B0F38GNPYL (Plaintiffs' products listed under these two ASINs, together with those listed under B0CPPGX63N and B0CPPDNH8C, collectively, "Plaintiffs' ASINs").

11. Defendant initiated Amazon's Patent Evaluation Express ("APEX") process by signing an Amazon Patent Evaluation Express Agreement on August 6, 2025. The agreement alleged eight ASINs as infringing the '827 Patent, including Plaintiffs' ASINs.

12. Plaintiffs received an email from patent-evaluation@amazon.com on August 13, 2025, stating that Amazon received a report from Defendant who believes that Plaintiffs' ASINs infringe the '827 Patent. The email states that Plaintiffs must either resolve Defendant's infringement claim with Defendant directly or participate in the APEX process, or in the alternative, Plaintiffs' ASINs would be removed from Amazon.com. Further according to the email, if Plaintiffs are engaged in patent lawsuit with Defendant, including declaratory judgment, Plaintiffs may continue to sell Plaintiffs' ASINs while the lawsuit proceeds. A copy of the email and Defendant's Amazon Patent Evaluation Express Agreement is attached as <u>Exhibit B</u>.

13. Defendant's initiation of the Amazon APEX process is directed at Illinois, because upon information and belief, Defendant intends to render the Plaintiffs' ASINs unavailable for purchase through Amazon.com in Illinois and intends the effects of its action be felt in Illinois.

14. Based on the foregoing, a justiciable controversy exists between Plaintiffs and Defendant as to whether Plaintiffs ASINs infringe the '827 Patent and whether the claims of the '827 Patent are valid.

15. Absent a declaration of invalidity, Defendant will continue to wrongfully allege that Plaintiffs ASINs infringe valid and enforceable claims of the '827 Patent and thereby cause Plaintiffs injury and damage.

## COUNT I
### Declaratory Judgment of Invalidity

16. Plaintiffs repeat and reallege each allegation above as if fully set forth herein.

17. The claims of the '827 Patent are invalid under 35 U.S.C. §§ 1 *et seq*., including, without limitation, 35 U.S.C. §§ 102 and/or 103 in view of disclosure in prior art, including but not limited to, Chinese patent CN 214851387 U. A side-by-side comparison of '827 Patent and Chinese patent CN 214851387 U is shown below.

| '827 Patent (Fig. 4) | Chinese Patent CN 214851387 U (Fig. 5) |
|---|---|
|  | |

18. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of invalidity.

19. A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain its rights regarding the validity of the '827 Patent.

20. Plaintiffs are entitled to a declaratory judgment that the claims of the '827 Patent are invalid under 35 U.S.C. §§ 1 *et seq.*, including, without limitation, 35 U.S.C. §§ 102 and/or 103.

## COUNT II
### Declaratory Judgment of Non-Infringement

21. Plaintiffs repeat and reallege each allegation above as if fully set forth herein.

22. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

23. A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain its rights regarding Plaintiffs' ASINs and the '827 Patent.

24. Plaintiffs are entitled to a declaratory judgment that Plaintiffs' ASINs have not infringed and do not infringe, either directly or indirectly, any valid and enforceable claims of the '827 Patent under 35 U.S.C. § 271.

### PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiffs request judgment against Defendant as follows:

a) Adjudging that each of the claims of the '827 Patent is invalid;

b) Adjudging that Plaintiffs have not infringed and are not infringing, either directly or indirectly, any valid and enforceable claim of the '827 Patent, in violation of 35 U.S.C. § 271;

c) A judgment that Defendant and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Plaintiffs

infringes any claims of '827 Patent or from instituting, initiating or continuing any action or proceeding (including Amazon APEX process) alleging infringement of any claims of the '827 Patent against Plaintiffs;

d) Awarding such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: August 30, 2025

/s/ Longhao Wang
Longhao Wang, Esq.
ARDC No. 6316761
LW Legal LLC
150 S. Wacker Suite 2400
Chicago, IL 60606
lwang@lwlegalfirm.com
(718) 200-9474

**ATTORNEY FOR PLAINTIFFS**